■ DOUGLAS PARKER et al., Plaintiffs-Respondents, v ONE, TWO, THREE MEDIA SERVICES, INC., et al., Defendants and Third-Party Plaintiffs, et al., Defendant. SONY PICTURES ENTERTAINMENT, INC., Third-Party Defendant-Appellant. [663 NYS2d 968] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered April 24, 1997, which granted plaintiff's motion to compel third-party defendant's production of various of its employees for depositions, unanimously modified, on the facts, to vacate so much of the order as directs production of the 25 persons, including Cornel Thompson, described as "warehouse personnel" and the persons described as employees in third-party defendant's Human Resources Department, and otherwise affirmed, without costs.

The court properly exercised its discretion in ordering the deposition of Robert Connolly, since, as the organizer of the search in the warehouse where the accident occurred he may possess useful information that the witness designated by third-party defendant lacked, and of Robert Nilsen, since there is a question as to whether he witnessed the accident. However, we disagree as to the need for depositions from the warehouse personnel on the issue of third-party defendant's control of the warehouse, since there is no indication that such personnel have knowledge of that issue different from that already disclosed by third-party defendant's designated witness, and there is ample indication that Connolly's deposition will fill in the complained of gaps in the designated witness's testimony. Nor is there a need for depositions of employees in third-party defendant's personnel department, since the reasons for plaintiff's discharge have been fully disclosed and his financial status before and after the accident can be ascertained through tax and personnel documents. Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.